IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MURPHY, | : | Civil No. 3:12-CV-1919 |
| Plaintiff | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Carlson) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION AND STATEMENT OF THE CASE

The plaintiff in this case, Anthony Murphy, is an inmate in the custody of the Federal Bureau of Prisons. Murphy is currently incarcerated at the United States Penitentiary, Canaan, where he is serving a life sentence that was imposed following his 2005 conviction of drug trafficking and firearms offenses in the United States District Court for the Western District of New York. Murphy has been housed at USP-Canaan since August 13, 2009.

Murphy commenced this lawsuit on September 26, 2012, by filing a complaint against the United States of America pursuant to the Federal Tort Claims Act for injuries he allegedly suffered on the recreation yard after an explosive devise was thrown and discharged near him. (Doc. 1.) Murphy claims that on July 15, 2011,

shortly after 8:00 p.m., there was a dispute between an inmate and a correctional officer at USP-Canaan's recreational area.[1] As prison staff responded to this disturbance, the correctional officers assigned to one of the institution's towers activated an automated emergency system, ordering all inmates to get on the ground. (Doc. 18, Ex. 1, Declaration of Donna Bromme; Form 583 Report of Incident (Attach. B) and Staff Memoranda (Attach. C).) Numerous inmates refused this order, and the tower officer deployed a single shotgun distraction round, which the recalcitrant inmates ignored. (Id.) The tower officer then deployed one less-lethal stun munitions, which caused all of the inmates to comply and lay on the ground. (Id.) Murphy claims that the percussion grenade that the tower officer deployed exploded near him, causing him hearing loss, and other less severe injuries, as well as mental anguish.

---

[1] In his complaint Murphy states that there was "no incident in the yard where he was laying, or anywhere else in the vicinity", (Doc. 1.), and later in his responsive brief he appears to assert that there was an incident, but he characterizes the incident as an unlawful assault of an inmate by prison staff (Doc. 25, at 3.). In contrast, the defendant has submitted an incident report and numerous memoranda from USP-Canaan staff, which attest that the incident occurred after an inmate assaulted a corrections officer, which required the offending inmate to be physically restrained and removed to the prison's special housing unit. (Doc. 18, Ex. 1, Bromme Decl., Form 583 Report of Incident (Attach. B) and Staff Memoranda (Attach. C).) Regardless of this difference in characterization, the precise nature of the incident is irrelevant for purposes of Murphy's claims against the United States, or the pending motion to dismiss.

Although Murphy did not seek immediate medical treatment for any alleged injuries after the July 15, 2011, incident, on July 26, 2011, Murphy sought a hearing test. (Doc. 18, Ex. 1, Bromme Decl. Medical Record (Attach. D).) A screening audiogram was scheduled, and Murphy underwent this screening on March 17, 2012. (Id.) No additional or follow-up care was recommended at that time. (Id.)

Murphy commenced this lawsuit on September 26, 2012, alleging that he "suffered a lot of emotional, psychological, duress, and mental anguish at the hands of the Defendants and its Agents, branches, and employees" as a result of the tower officer's deployment of the percussion grenade in Murphy's vicinity on July 15, 2011. (Doc. 1.) Murphy claims to be seeking injunctive relief in order to obtain hearing tests and psychological care, and he also seeks damages to compensate him for asserted physical injuries and mental anguish. (Id.)

On January 28, 2013, the United States filed the motion to dismiss or, in the alternative, for summary judgment that is now pending before the Court. (Doc. 15.) After being granted a brief enlargement, the United States filed a brief in support of its motion on February 25, 2013. (Doc. 18.) As explained in its brief, the United States seeks to have the complaint dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that Murphy failed to pursue required

administrative remedies before filing this Federal Tort Claims Act lawsuit, thus depriving the Court of jurisdiction over Murphy's claims.

Murphy sought an extension of time to respond, and filed his brief on June 4, 2013. (Doc. 25.) In his brief, Murphy claims that he did, in fact, file an administrative tort claim with the United States on or about January 2, 2012.[2] Murphy claims that he has experienced persistent and recurring problems with USP-Canaan staff not delivering his mail, or otherwise interfering with his and other inmates' efforts to file legal documents, thereby causing the inmates to procedurally default on some of their claims. In an affidavit that he attached to his brief, Murphy attests that although he filed an administrative tort claim he has received no response, and he speculates further that "agents of the Defendant have been acting in a standoffish, combative, confrontational way, and have been tampering with Plaintiff's incoming and outgoing special mail (legal)." (Doc. 25, Ex. A.)

The United States filed a reply brief on June 12, 2013. (Doc. 26.) In its reply, the United States stands by its argument regarding the plaintiff's failure to exhaust his administrative tort remedies, and notes further that although Murphy has no compelling proof that he filed a tort claim in January 2011, on March 29, 2013, he did

---

[2] Murphy has not substantiated this representation by providing copies or any other substantial form of proof that he filed an administrative tort claim on January 2, 2012.

4

file an administrative tort claim relating to the injuries alleged in this lawsuit. (Doc. 25, Ex. 1, Tort Claim.) In that claim, Murphy seeks $75,000 for injuries he allegedly sustained as a result of the percussion grenade exploding near him. The Bureau of Prisons Northeast Regional Office acknowledged receipt of the tort claim on May 8, 2013, and a response to the claim is not due until September 28, 2013. (Id., Ex. 2.) As such, the United States maintains that Murphy's claim must be dismissed for failure to exhaust, and that this action should not be held in abeyance pending administrative consideration of Murphy's claims.

## II. STANDARD OF REVIEW

The United States has moved to dismiss this lawsuit pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that the Court lacks jurisdiction over Murphy's tort claims because he has failed to exhaust mandatory administrative remedies that are a prerequisite to filing an action under the Federal Tort Claims Act.

When a court considers a motion to dismiss pursuant to Rule12(b)(1), a court is permitted to treat the motion as a factual challenge, and is therefore not obligated to accept the allegations of the complaint as true. Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). In undertaking this inquiry, the Court may weigh any evidence relevant to a determination of whether jurisdiction exists, and the Court

should not consider the merits of the action until the Court is satisfied that it has jurisdiction over the claims. Id. A plaintiff bears the burden of persuading the Court that it has subject matter jurisdiction over the claims asserted. Id.

## III. DISCUSSION

In general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id. The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1); see also 28 U.S.C. § 2674.

Prior to commencing an FTCA action against the United States in federal court, a plaintiff must "first present[] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged

injuries, together with a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989)). The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993).

As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit. See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding the district court properly dismissed FTCA

claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

Mindful of the foregoing legal guidelines and the administrative exhaustion requirements that must be satisfied before Murphy's FTCA claims may be brought in federal court, we find that the complaint in this case should be dismissed.

The defendant has attested that a search of Bureau of Prisons administrative records reveals that prior to initiating this lawsuit, Murphy had filed only two administrative tort claims. In this first, filed on June 27, 2011, the BOP's Northeast Regional Office received an administrative claim TRT-NER-2011-4681 from Murphy. (Doc. 18, Ex. 1, Bromme Decl. ¶ 7 TRT-NER-2011-4681 (Attach. E).) In that claim, Murphy sought $370.00, or the money he had paid to take a fitness training correspondence course, which Murphy claimed he was unable to complete due to a prison transfer. (Id.) On December 13, 2011, the Northeast Regional Counsel denied the claim because it found no evidence of employee negligence. (Id.)

On July 18, 2011, the Northeast Regional Office received administrative tort claim TRT-NER-2011-5505 from Murphy. (Doc. 18, Ex. 1, Bromme Decl. ¶ 8, TRT-NER-2011-5505 (Attach. F).) In that claim, Murphy sought $20,000.00 for injuries he claimed to have sustained as the result of food poisoning at USP-Canaan. (Id.)

On January 17, 2012, the Northeast Regional Counsel denied this claim because he once again found there was no evidence of employee negligence. (Id.)

Review of these claims reveals that neither of them bear any relationship to the injuries that Murphy claims to have suffered as the result of a percussion grenade being discharged within feet of him on July 15, 2011. (Doc. 18, Ex. 1, Bromme Decl. ¶¶ 7-8, Attachs. E-F.) As such, based upon the records from the Bureau of Prisons, it is apparent that Murphy failed to fulfill the jurisdictional prerequisites of 28 U.S.C. § 2675(a) prior to initiating this lawsuit, and the Court consequently lacks jurisdiction over Murphy's claims alleged in this action.

In his brief, Murphy argues that he did, in fact, file an administrative claim with the Bureau of Prison's Northeast Regional Office relating to this claim, and he speculates that prison staff tampered, confiscated, or otherwise interfered with this claim, and prevented it from being filed. Thus, Murphy alleges that "he placed a timely administrative tort claim in the mail at USP Canaan on or about January 2, 2012, but has yet to receive a response from defendant." (Doc. 25, at 4.) Murphy next claims that "agents or branches of government (staff at USP Canaan) have been known to be combative, standoffish, as well has hinder mail from reaching the courts, regional office, thereby causing plaintiff to procedurally default on claims or other motions." (Id.)

Despite these serious charges, Murphy fails to substantiate them in any persuasive fashion, and he has failed to produce copies or any other compelling proof that he, in fact, filed an administrative tort claim in January 2012 relating to his current allegations.

However, the United States has pointed out that on March 29, 2013, approximately one month after the United States filed its brief in this action, Murphy filed administrative tort claim TRT-NER-2013-03958. (Doc. 26, Ex. 1, Tort Claim.) In this recent claim, Murphy seeks $75,000 for injuries he allegedly sustained after a tower officer threw a percussion grenade. (Id.) The BOP's Northeast Regional Office acknowledged receipt of the tort claim on May 8, 2013, and thus a response to the claim is not due until September 28, 2013. (Doc. 26, Ex. 2, Letter.)

Given the absence of any compelling evidence that Murphy filed an administrative claim relating to his instant claims prior to initiating this lawsuit, and given the clear legal guidelines that require administrative exhaustion before suit may be brought, we conclude that the Murphy's claim should be dismissed. Our finding is unchanged by the fact that Murphy has recently filed an administrative claim regarding the July 15, 2011 incident, since the Supreme Court has instructed that an FTCA action may not be maintained if the claimant failed to exhaust his administrative claims prior to bringing suit in the first place. McNeil, 508 U.S. at

111. Where a plaintiff brings an FTCA claim before fully exhausting his administrative remedies by filing an administrative tort claim, and having his claim finally denied by the agency in writing, his claim is premature and should be dismissed. Id. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").

That is the case here. As McNeil plainly instructs, Murphy's claims are premature and should be dismissed for lack of jurisdiction. We will, therefore, recommend that this action be dismissed, without prejudice, while Murphy's administrative claims are considered by the Northeast Regional Office.

## IV. **RECOMMENDATION**

For the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the defendant's motion to dismiss (Doc. 15.) should be GRANTED and this action DISMISSED, without prejudice, while Murphy attempts to exhaust his administrative claims.

> The parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file

with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of July 2013.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge